

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Trans-Oceanic Life Insurance Company & Victory Insurance Company, Inc.<br><br>    Peticionarios<br><br>        v.<br><br>Oracle Corporation, Oracle Caribbean, Inc., Oracle de Mejico, S.A.<br><br>    Recurridos | Certiorari<br><br>2012 TSPR 34<br><br>184 DPR ____ |

Número del Caso: CC-2007-483


Fecha: 24 de febrero de 2012


Tribunal de Apelaciones:

        Región Judicial de San Juan Panel III

Juez Ponente:

        Hon. José A. Morales Rodríguez

Abogados de la Parte Peticionaria:

        Lcdo. José A. Andreu García
        Lcdo. Rafael Baella-Silva


Abogados de la Parte Recurrida:

        Lcdo. José E. González Borges
        Lcdo. Charles Bimbela Quiñones
        Lcda. Edna M. Tejada Oyola


Materia: Incumplimiento y Resolución de Contrato, Daños y Perjuicios, Dolo, Fraude, Mala Fe y Temeridad


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Trans-Oceanic Life Insurance
Company & Victory Insurance
Company, Inc.

    Peticionarios

       v.                    CC-2007-483     Certiorari

Oracle Corporation, Oracle
Caribbean, Inc., Oracle de
Méjico, S.A.

    Recurridos

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

San Juan, Puerto Rico, a 24 de febrero de 2012.

Este caso nos permite aclarar la norma establecida en <u>Molina v. Supermercado Amigo</u>, *infra*, sobre cómo adjudicar una moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil[1] en la que se plantea la falta de jurisdicción *in personam* sobre una corporación demandada no domiciliada.

Además, debemos expresarnos en torno a si un tribunal puede negarse a resolver una controversia ante su consideración por el hecho de que esta Curia aún no ha pautado la norma aplicable a esa controversia particular.

---

[1] Esta regla se expresa en iguales términos tanto en las Reglas de Procedimiento Civil de 1979 como las de 2009.

Por entender que el Tribunal de Apelaciones erró en ambas determinaciones, revocamos la sentencia recurrida. Veamos, pues, el cuadro fáctico que dio origen al caso ante nuestra consideración.

I

Las partes involucradas en este litigio son las peticionarias T.O.L.I.C. y Victory,[2] y las recurridas Oracle Corporation, Oracle Caribbean, Inc. (Oracle-Caribbean) y Oracle de Méjico, S.A. de C.V. (Oracle-Méjico). Victory -en representación de los intereses de su subsidiaria T.O.L.I.C.- realizó una solicitud de propuestas ("request for proposals") para el desarrollo e instalación de un sistema de informática con un enfoque en contabilidad y finanzas para la industria de seguros. Oracle-Caribbean presentó sus propuestas y Victory las aceptó. Así, el 30 de marzo de 2000 ambas compañías suscribieron un contrato para la implantación del sistema de informática.[3]

Sin embargo, en abril de 2005 las peticionarias T.O.L.I.C. y Victory presentaron una demanda por incumplimiento de contrato y otras causas de acción[4] contra

---

[2] Según surge de la Demanda, Victory Insurance Corporation (Victory) es "la empresa matriz y dueña de todas las acciones de TOLIC". Apéndice de la Petición de *certiorari*, pág. 90.

[3] En la misma fecha, Victory cedió a T.O.L.I.C. todos los derechos y obligaciones que le confería ese contrato.

[4] Las causas de acción alegadas en la demanda son: (1) dolo, fraude o negligencia en el cumplimiento de las obligaciones contractuales y resolución de contrato bajo el Art. 1077 del Código Civil (31 L.P.R.A. sec. 3052); (2) daños y perjuicios causados por el fraude, dolo o negligencia en el cumplimiento de las obligaciones contractuales bajo el Art. 1054 del Código Civil (31 L.P.R.A. sec. 3018); (3) daños y perjuicios ocasionados por el incumplimiento contractual de las

Oracle Corporation, Oracle-Caribbean y Oracle-Méjico. En la demanda, las peticionarias plantearon –entre otros asuntos- que aunque el contrato fue firmado únicamente por Victory y Oracle-Caribbean, en realidad Oracle Corporation fue la que negoció la mayor parte del contrato con T.O.L.I.C. Añadieron que Oracle Corporation y Oracle-Méjico fueron las que ejecutaron la mayoría de las tareas acordadas, ya que Oracle-Caribbean carecía de los recursos humanos y técnicos locales, y además dependía de Oracle Corporation por ser una subsidiaria subordinada de esta última.[5] De esta forma, las peticionarias pidieron al tribunal de instancia que dictara sentencia en contra de las demandadas Oracle Corporation, Oracle-Caribbean y Oracle-Méjico. A su vez, solicitaron la resolución del contrato y la devolución de las prestaciones realizadas hasta ese momento, entre otros.[6]

Oracle-Caribbean contestó la demanda y presentó una reconvención.[7] Por su parte, y sin someterse a la jurisdicción del tribunal de instancia, Oracle Corporation presentó una "Comparecencia especial y moción solicitando

---

demandadas según el Art. 1802 del Código Civil (31 L.P.R.A. sec. 5141); y (4) mala fe y temeridad.

[5] Apéndice de la Petición de *certiorari*, pág. 94.

[6] La suma total de las partidas reclamadas por las peticionarias asciende a $32,025,000.00.

[7] En síntesis, Oracle Caribbean negó cualquier responsabilidad por los hechos alegados en la demanda y adujo que las peticionarias no cumplieron con las responsabilidades acordadas en el contrato. Además, solicitó al foro de instancia que desestimara la demanda con perjuicio, declarara con lugar la reconvención y ordenara a las peticionarias el pago de las sumas solicitadas más costas, gastos y honorarios de abogado. Así también, las peticionarias replicaron a la reconvención de Oracle-Caribbean.

prórroga para contestar, alegar y/o presentar cualquier moción preliminar y/o dispositiva en cuanto a la demanda". En particular, indicó que era una corporación foránea que no estaba autorizada a hacer negocios en Puerto Rico, que fue incorporada bajo las leyes de Delaware y tenía su oficina principal en California. Además, especificó que el Departamento de Estado de Puerto Rico le envió una carta a su dirección en California, a la cual adjuntó copia de la demanda presentada por las peticionarias y el emplazamiento. Asimismo, adelantó que una de las defensas que podría presentar se relacionaba con "la posibilidad de que no existan los contactos mínimos suficientes para que válidamente se pueda asumir jurisdicción *in personam* sobre Oracle [Corporation]".[8]

Más adelante, y nuevamente sin someterse a la jurisdicción del foro de instancia, Oracle Corporation presentó una moción de desestimación al amparo de la R. 10.2 de Procedimiento Civil de 1979, 34 L.P.R.A. Ap. III, R. 10.2. Solicitó la desestimación de la demanda por no existir los contactos mínimos requeridos para asumir jurisdicción sobre la persona de Oracle Corporation y por dejar de exponer una reclamación que justifique la concesión de un remedio en ley. Además, pidió la paralización de todos los procedimientos en cuanto a Oracle Corporation hasta tanto se adjudicara la petición de desestimación.

---

[8] Apéndice de la Petición de *certiorari*, pág. 301.

En resumen, Oracle Corporation alegó que el tribunal de instancia no podía asumir jurisdicción sobre su persona, pues no tuvo participación en los eventos que dan base a la demanda, no ha realizado negocios en Puerto Rico y no tiene contactos mínimos con nuestro foro.[9]  Con su petición de desestimación, Oracle Corporation incluyó dos documentos: una declaración jurada de Deborah K. Miller, identificada como "Consejero Senior" de la corporación y una certificación expedida por el Registro de Corporaciones del Departamento de Estado de Puerto Rico.[10]

Y así, las peticionarias presentaron su oposición a la moción de desestimación de Oracle Corporation. Allí señalaron que era patente que esa corporación hace negocios en Puerto Rico y así se refleja en el informe anual presentado por ésta ante la U.S. Securities and Exchange Commission (SEC) en el 2005.[11]  En resumen, las peticionarias argumentaron que el tribunal de instancia debía asumir jurisdicción sobre Oracle Corporation en virtud de los contactos de ésta con Puerto Rico a través de su página de internet. Asimismo, indicaron que ya sea de forma directa o indirecta, Oracle Corporation vende sus productos en Puerto Rico y, por lo tanto, tiene contactos mínimos con la Isla.[12] En consecuencia, las peticionarias solicitaron que el foro de instancia denegara la petición

---

[9] Apéndice de la Petición de *certiorari*, pág. 357.

[10] Íd., págs. 377-380.

[11] Íd., pág. 456.

[12] Íd., pág. 457.

de desestimación de Oracle Corporation. En la alternativa, pidieron que se pospusiera la adjudicación de la moción hasta después de celebrar la vista en su fondo o se les permitiera realizar un descubrimiento de prueba limitado a la controversia jurisdiccional para luego presentar su oposición.

Junto al escrito de oposición, las peticionarias incluyeron una declaración jurada del señor Nicolás Touma Correa (Principal Oficial Ejecutivo y Presidente de T.O.L.I.C. y Victory), copia del informe anual presentado por Oracle Corporation a la SEC en el 2005, copias de la página cibernética de Oracle Corporation, y copias de varios artículos publicados en los portales de la Universidad de Puerto Rico, Puerto Rico Herald y Zonai.com.

Otra vez sin someterse a la jurisdicción del foro de instancia, Oracle Corporation replicó al escrito de oposición de las peticionarias. Allí reiteró que no existen los contactos mínimos requeridos por la cláusula del debido proceso de ley y mucho menos para demostrar que las causas de acción expuestas en la demanda surgen o se relacionan con esos contactos mínimos.[13] Así, solicitó nuevamente la desestimación de la demanda por falta de contactos mínimos para asumir jurisdicción sobre la compañía.

El tribunal de instancia celebró una vista argumentativa para atender, entre otros asuntos, la

---

[13] Apéndice de la Petición de *certiorari*, pág. 688.

petición de desestimación de Oracle Corporation. Finalmente, ese foro denegó la moción al determinar que estaba facultado para ejercer jurisdicción *in personam* sobre Oracle Corporation, <u>ello luego de escuchar los argumentos de los abogados de las partes, y evaluar los escritos y sus anejos</u>. En particular, el tribunal de instancia expresó que de los autos se podía inferir razonablemente que Oracle Corporation: (1) hace negocios en Puerto Rico, directamente, a través de su página de internet y a través de su subsidiaria, Oracle Caribbean; (2) domina y controla la cadena de distribución, distribuye sus productos en Puerto Rico, directamente, a través de esa subsidiaria; y (3) anuncia sus productos en Puerto Rico, directamente, a través de su página de internet.[14]

A su vez, el foro de instancia indicó que, en el balance de intereses y en virtud de los adelantos tecnológicos en la comunicación, no es irrazonable que se imponga la carga a Oracle Corporation de defenderse en Puerto Rico. Señaló, además, que sería injusto obligar a los consumidores puertorriqueños a presentar sus reclamaciones en California con todas las situaciones que ello implica.[15]

Inconformes con la resolución del tribunal de instancia, Oracle-Caribbean y Oracle Corporation (esta última sin someterse a la jurisdicción del foro)

---

[14] Apéndice de la Petición de *certiorari*, pág. 823.

[15] Íd.

presentaron ante el Tribunal de Apelaciones un recurso de *certiorari* en el que solicitaron la expedición del auto y la revocación de esa resolución. Mientras, las aquí peticionarias, T.O.L.I.C. y Victory, presentaron su alegato y solicitaron la confirmación de la decisión recurrida.

Así las cosas, el Tribunal de Apelaciones revocó la determinación del foro de instancia de ejercer jurisdicción *in personam* sobre Oracle Corporation y ordenó al tribunal de instancia que celebrara una vista evidenciaria para establecer la jurisdicción conforme a los criterios expuestos en su sentencia. Esto fundamentado en su interpretación de la norma pautada en <u>Molina v. Supermercado Amigo, Inc.</u>, 119 D.P.R. 330 (1987), y el hecho de que las afirmaciones bajo juramento de ambas partes en pro y en contra de la moción de desestimación presentada ante el foro de instancia trababan una controversia de hechos material. En ese sentido, el foro apelativo intermedio sentenció lo siguiente:

> En síntesis, cuando se traba una controversia de hechos en cuanto al hecho material de los contactos específicos mínimos que confieren jurisdicción sobre una persona natural o jurídica ausente, como ocurrió en *Ind. Siderúrgica,* hay que celebrar vista evidenciaria. Cuando no hay controversia sobre los hechos que confieren jurisdicción, como en *Sterzinger vs Ramírez,* no hay que celebrarla.[16]

Por otro lado, el Tribunal de Apelaciones señaló lo siguiente en torno a la controversia de la existencia o no

---

[16] Véase Apéndice de la Petición de *certiorari*, pág. 18.

de contactos mínimos por parte de la recurrida Oracle Corporation:

> **Este tribunal intermedio apelativo no sienta pautas normativas. Por consiguiente, mientras el Tribunal Supremo no paute otra cosa, no estamos en posición de resolver que la venta de productos a través del Internet sea suficiente base para establecer contactos mínimos.** (Énfasis suplido.)[17]

En desacuerdo con la decisión del Tribunal de Apelaciones, T.O.L.I.C. y Victory solicitaron reconsideración, mas ese foro denegó su petición. Así, las peticionarias recurrieron ante esta Curia mediante una solicitud de *certiorari*, en la que señalaron la comisión de los siguientes dos errores:

> **(1) Erró el Tribunal de Apelaciones al negarse a adjudicar la controversia relativa a si pueden o no establecerse contactos mínimos con el foro puertorriqueño vía el internet, por entender que esa controversia sólo la puede adjudicar este Tribunal Supremo.**
>
> **(2) Erró el Tribunal de Apelaciones al interpretar que la jurisprudencia de este Tribunal Supremo exige que, en todos los casos que se discuta la jurisdicción in *personam* del demandado, hay que celebrar una vista evidenciaria.**

Expedido el recurso y con el beneficio de las comparecencias de ambas partes, resolvemos.

## II

A. La resolución de controversias en los tribunales de Puerto Rico

Como sabemos, la Sec. 2 del Art. V de nuestra Constitución dispone que los tribunales de Puerto Rico constituyen un sistema judicial unificado en cuanto a

---

[17] Véase Apéndice de la Petición de *certiorari*, págs. 15-16.

jurisdicción, funcionamiento y administración.[18] En referencia a esa disposición constitucional, el jurista José Trías Monge señaló que "[d]entro de la teoría de un sistema unificado, <u>cualquier parte del sistema tiene jurisdicción para resolver una causa</u>". (Énfasis suplido.)[19] Claro está, valga mencionar que dentro de la estructura organizacional judicial tanto los tribunales de instancia como los apelativos tienen funciones distintas y así lo establece la Ley de la Judicatura de 2003.[20]

A su vez, el Art. 7 del Código Civil[21] impone a <u>todos</u> los tribunales de Puerto Rico (a nivel municipal, superior y apelativo) la obligación de resolver conforme a equidad y a los principios generales del derecho en aquellos casos en que exista oscuridad o lagunas jurídicas.[22] Conforme a ese artículo, hemos establecido que -entre otros asuntos- la función de los tribunales es interpretar y aplicar la ley a casos concretos, y llenar lagunas cuando las hay.[23]

En cuanto a la resolución de controversias a nivel apelativo, el Art. 4.006 de la Ley de la Judicatura de 2003[24] establece que el Tribunal de Apelaciones atenderá

---

[18] Art. V, Sec. 2, Const. E.L.A., L.P.R.A., Tomo 1.

[19] J. Trías Monge, <u>El sistema judicial de Puerto Rico</u>, San Juan, Ed. Universitaria, 1978, pág. 136.

[20] Ley Núm. 201-2003, 4 L.P.R.A. sec. 24 *et seq.*

[21] 31 L.P.R.A. sec. 7.

[22] Véase <u>Caratini v. Collazo Syst. Analysis, Inc.</u>, 158 D.P.R. 345, 360 (2003).

[23] <u>Caratini v. Collazo Syst. Analysis, Inc.</u>, *supra*. Véase, además, <u>Collazo Cartagena v. Hernández Colón</u>, 103 D.P.R. 870, 874 (1975).

[24] Ley Núm. 201-2003, 4 L.P.R.A. sec. 24y.

recursos de apelación, revisión judicial y *certiorari*, entre otros.[25] En particular, el auto de *certiorari* será expedido a discreción del Tribunal de Apelaciones y si ese foro decide expedir el recurso, entonces viene obligado a atender y resolver en los méritos, de forma fundamentada, la controversia ante sí.

B. La moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil y la defensa de falta de jurisdicción sobre la persona

En nuestro ordenamiento jurídico, la Regla 10.2 de Procedimiento Civil permite al demandado solicitar la desestimación de la reclamación instada en su contra cuando es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará. Sánchez v. Aut. de los Puertos, 153 D.P.R. 559, 569 (2001).

Tanto la Regla 10.2 de Procedimiento Civil de 1979[26] como la actual Regla 10.2 de Procedimiento Civil de 2009[27] establecen que cualquier defensa de hecho o de derecho que se tenga contra una reclamación se expondrá en la alegación responsiva. Sin embargo, la parte contra quien se ha instado la demanda podrá optar por presentar una moción de desestimación en la que alegue cualquiera de las

---

[25] En el caso de la apelación, una vez se satisfagan los requisitos de jurisdicción y perfeccionamiento del recurso, el tribunal apelativo intermedio está obligado a atender y resolver en los méritos, de forma fundamentada, la controversia planteada. Véase Soc. de Gananciales v. García Robles, 142 D.P.R. 241, 252 (1997). Mientras, el recurso de revisión judicial se acogerá como cuestión de derecho siempre y cuando se cumplan los requisitos de jurisdicción y perfeccionamiento del recurso, y así el Tribunal de Apelaciones lo atenderá en los méritos. Refiérase al Art. 4.006 de la Ley de la Judicatura de 2003, Ley Núm. 201-2003, 4 L.P.R.A. sec. 24y.

[26] 32 L.P.R.A. Ap. III, R. 10.2.

[27] 32 L.P.R.A. Ap. V, R. 10.2.

siguientes defensas: (1) falta de jurisdicción sobre la materia, (2) falta de jurisdicción sobre la persona, (3) insuficiencia del emplazamiento, (4) insuficiencia del diligenciamiento del emplazamiento, (5) dejar de exponer una reclamación que justifique la concesión de un remedio, y (6) dejar de acumular una parte indispensable.

En particular, la jurisdicción sobre la persona es "[e]l poder del tribunal para sujetar a una parte a su decisión".[28] Es decir, es la autoridad de la corte para "emitir una decisión obligatoria para las partes declarando sus respectivos derechos y obligaciones".[29]

La Regla 10.8(a) de Procedimiento Civil[30] dispone que la defensa de falta de jurisdicción sobre la persona se entenderá renunciada: (1) si no se incluye en una moción de consolidación o acumulación de defensas bajo la Regla 10.7 de Procedimiento Civil, o (2) si no se formula mediante una moción de desestimación ni se incluye en una alegación responsiva o mediante una enmienda que no requiera la autorización del tribunal conforme a la Regla 13.1 de Procedimiento Civil. De modo que la falta de jurisdicción sobre la persona es una defensa afirmativa que puede ser renunciada expresa o tácitamente, según

---

[28] R. Hernández Colón, Derecho Procesal Civil, 5ta ed., San Juan, Lexisnexis, 2010, pág. 40.

[29] J. A. Echevarría Vargas, Procedimiento Civil Puertorriqueño, [s. Ed.], 2010, pág. 25.

[30] 32 L.P.R.A. Ap. III, R. 10.8(a); 32 L.P.R.A. Ap. V, R. 10.8(a).

resolvimos en <u>Márquez v. Barreto</u>, 143 D.P.R. 137, 143 (1997).[31]

C. <u>Las decisiones de Ind. Siderúrgica v. Thyssen Steel Caribbean, Sterzinger v. Ramírez y Molina v. Supermercado Amigo, Inc.</u>

En 1983 resolvimos el caso <u>Ind. Siderúrgica v. Thyssen Steel Caribbean</u>, 114 D.P.R. 548 (1983), en el que determinamos que la demandada-peticionaria Florida Steel Corporation (Florida Steel) se benefició de hacer negocios en Puerto Rico, por lo que ejercer jurisdicción sobre su persona no violaba la cláusula del debido proceso de ley. En ese caso, Industrial Siderúrgica (corporación local) demandó a Florida Steel (corporación foránea) y a otras dos corporaciones porque alegadamente éstas conspiraron para eliminarla del mercado en violación a la Ley de Monopolios y Restricción del Comercio.[32]

Florida Steel solicitó al tribunal de instancia la desestimación de la demanda por falta de jurisdicción *in personam* y negó que se hubiera aprovechado de algún privilegio en nuestro foro o que se hubiera sometido a la jurisdicción local. Para fundamentar su petición, Florida Steel adjuntó una declaración jurada del vicepresidente de la compañía. Por su parte, Industrial Siderúrgica replicó y alegó que del descubrimiento de prueba surgía información relativa a que Florida Steel hacía transacciones de negocio en Puerto Rico y ello permitía a

---

[31] Véase, además, <u>López v. J. Gus Lallande</u>, 144 D.P.R. 774, 794 (1998).

[32] Ley Núm. 77 de 25 de junio de 1964, según enmendada, 10 L.P.R.A sec. 257 *et seq.*

nuestros tribunales ejercer jurisdicción sobre la corporación.[33]

Entonces, sin celebrar vista, el foro de instancia denegó la moción de desestimación y Florida Steel recurrió ante esta Curia. En su alegato en oposición, Industrial Siderúrgica nos presentó prueba que no tuvo la oportunidad de presentar ante el foro de instancia y, por excepción, la consideramos debido a que "de ser cierta daría suficiente base para el ejercicio de jurisdicción sobre… Florida Steel".[34] En aquella ocasión expresamos que el tribunal de instancia erró al descansar en la suficiencia de las alegaciones para establecer la jurisdicción sobre Florida Steel, ya que al menos debió requerir que Industrial Siderúrgica demostrara que tenía prueba suficiente para justificar la jurisdicción y así garantizar el debido proceso de ley a la demandada. No obstante, indicamos que el error era inconsecuente debido a que el requisito había quedado cumplido ante este Foro.[35] De esa manera confirmamos la resolución recurrida.

Por su parte, en el caso Sterzinger v. Ramírez, 116 D.P.R. 762 (1985), decidimos que un demandante no domiciliado en Puerto Rico se somete a la jurisdicción local cuando presenta una demanda ante nuestros tribunales

---

[33] En particular, Industrial Siderúrgica expuso que Florida Steel conocía que su producto iba dirigido a Puerto Rico, en ocasiones vendió su producto directamente a Industrial Siderúrgica y claramente realizó ventas sustanciales en la Isla.

[34] Ind. Siderúrgica v. Thyssen Steel Caribbean, 114 D.P.R. 548, 552 (1983).

[35] Íd., pág. 556.

y, por lo tanto, no puede alegar falta de jurisdicción *in personam* cuando se insta una reconvención en su contra en el mismo pleito. Allí, el demandante-peticionario Richard Sterzinger (alemán y padre de una menor residente en Puerto Rico) presentó una demanda en la que solicitó que los tribunales de Puerto Rico reconocieran su derecho a relacionarse con su hija luego del divorcio con la madre de la menor.

Luego, la madre de la menor reconvino para solicitar un aumento de la pensión alimentaria, a lo que el padre se opuso bajo el fundamento de que los tribunales de Puerto Rico no tenían jurisdicción sobre su persona debido a que él estaba domiciliado en Alemania. El foro de instancia no celebró vista y concluyó que sí había jurisdicción sobre su persona. Entonces, el padre de la menor recurrió ante este Foro y señaló que el tribunal de instancia erró al no celebrar una vista para determinar si había jurisdicción sobre la persona conforme al caso Ind. Siderúrgica v. Thyssen Steel Caribbean, *supra*. Así las cosas, confirmamos al foro de instancia y resolvimos que el peticionario se sometió a la jurisdicción local y, por consiguiente, procedía considerar la solicitud de aumento de pensión alimentaria.[36]

---

[36] En referencia a lo resuelto en Ind. Siderúrgica v. Thyssen Steel Caribbean, *supra*, en torno a que el tribunal de instancia erró al declarar sin lugar la petición de desestimación sin celebrar vista, indicamos que en aquel caso "[n]uestra expresión se debió a que existía una controversia de hechos sobre si la demandada había realizado o no transacciones de negocios en Puerto Rico y resolvimos que debió permitírsele presentar evidencia para probar su alegación". No obstante, expusimos que por los hechos del caso Sterzinger v.

Mientras, en 1987 atendimos Molina v. Supermercado Amigo, Inc., *supra*. Allí resolvimos que el tribunal de instancia no erró al denegar la petición de desestimación por falta de jurisdicción sobre la persona de un tercero demandado no domiciliado en Puerto Rico. Específicamente, determinamos que el demandante contra tercero demostró de forma prima facie, mediante declaraciones juradas y documentos, la existencia de hechos que acreditaban esa jurisdicción.

En ese caso se presentó una reclamación de daños y perjuicios en la que se adujo que uno de los demandantes había sufrido daños cuando se tragó un pedazo de lata al ingerir una sopa de calamares. Entre los demandados estaban Conservas Carballo, S.A. (empresa española dedicada a enlatar y exportar alimentos) y Colón Brothers (compañía que distribuyó al supermercado el producto que causó daño).

Conservas solicitó la desestimación por falta de jurisdicción sobre su persona y los demandantes se opusieron. Así, el tribunal de instancia declaró con lugar la moción de Conservas y luego Colón Brothers presentó una demanda contra tercero para traer nuevamente a Conservas al pleito bajo la alegación de que ésta era la única responsable de los daños debido a que preparó y envasó el producto. Entonces, Conservas pidió la desestimación de la demanda contra tercero al alegar que

Ramírez, 116 D.P.R. 762 (1985), "… no era necesaria la celebración de vista por no existir controversia sobre los hechos que se alegan confieren jurisdicción al tribunal". Íd., pág. 788.

no existían los contactos mínimos necesarios con el foro y adjuntó una declaración jurada del presidente de la compañía. Mientras, Colón Brothers se opuso al reclamo de Conservas y acompañó varios documentos junto a su oposición.[37]

Finalmente, sin celebrar vista, luego de evaluar las alegaciones, documentos, declaraciones juradas y otras constancias de los autos, el foro de instancia declaró sin lugar la moción de desestimación de Conservas, la cual recurrió a esta Curia. En esa ocasión confirmamos al tribunal de instancia y ordenamos que Colón Brothers debía demostrar por preponderancia de la prueba que existía jurisdicción sobre la persona de Conservas, ello -según la discreción del tribunal- en una vista evidenciaria sobre el asunto jurisdiccional o en el juicio en su fondo.

Es menester comenzar señalando que en este caso de Molina v. Supermercado Amigo, Inc., *supra*, **enfatizamos que el tribunal de instancia tiene gran discreción sobre cómo proceder cuando se plantee la defensa de falta de jurisdicción sobre la persona, ya fuese mediante alegación responsiva o en una moción de desestimación.**[38] En particular, desarrollamos un esquema de cuatro alternativas para que el foro de instancia seleccione cómo proceder cuando un demandado impugna la jurisdicción sobre

---

[37] Específicamente incluyó información sobre embarque, comunicaciones por cable ultramarino entre las dos empresas y reseñas de periódicos locales sobre la relación comercial entre ambas compañías.

[38] Molina v. Supermercado Amigo, Inc., 119 D.P.R. 330, 337 (1987).

su persona a través de una petición de desestimación al amparo de la Regla 10.2 de Procedimiento Civil. El tribunal de instancia puede: (1) simplemente evaluar la moción tomando en consideración sólo las alegaciones de la demanda; (2) si se acompañan documentos y declaraciones juradas, analizar éstos conjuntamente con las alegaciones y los documentos y contradeclaraciones juradas que presente el demandante en su oposición; (3) señalar vista preliminar evidenciaria (decisión *motu proprio* o a solicitud de parte); o (4) posponer la cuestión para decidirla después de la vista en su fondo al resolver el caso.[39]

En caso de que el foro de instancia opte por la segunda alternativa, para prevalecer el demandante tendrá que presentar documentos y contradeclaraciones juradas que acrediten, prima facie, hechos que demuestren que existe jurisdicción sobre el demandado no domiciliado.[40] Si el tribunal de instancia determina que se ha demostrado prima facie el requisito de jurisdicción sobre la persona del demandado, entonces se derrota la petición de desestimación, **pero ello "no releva al promovente de la acción de demostrar, mediante la preponderancia de la prueba, en el juicio en su fondo, que dicha jurisdicción existe".** (Énfasis suplido.)[41] En nuestra exposición en

---

[39] <u>Molina v. Supermercado Amigo, Inc.</u>, *supra*, pág. 338.

[40] Para una exposición sobre qué procede con las demás alternativas, véase <u>Molina v. Supermercado Amigo, Inc.</u>, *supra*, págs. 338-341.

[41] Íd., pág. 340.

Molina v. Supermercado Amigo, Inc., *supra*, dejamos claro que "avalamos el procedimiento de requerir una demostración prima facie para resolver este tipo de moción [de desestimación], en lugar de requerir en todo caso una vista evidenciaria". (Énfasis suplido.)[42]

### III

### A

Para seguir una secuencia lógica en nuestras determinaciones y expresiones, atenderemos primeramente el segundo error planteado. En éste, las peticionarias indican que el foro apelativo intermedio erró al revocar la resolución recurrida y ordenar la celebración de una vista evidenciaria al interpretar erróneamente que el caso Ind. Siderúrgica v. Thyssen Steel Caribbean, 114 D.P.R. 548 (1983), dispone que siempre hay que celebrar una vista evidenciaria para adjudicar asuntos relativos a la jurisdicción *in personam*. Por su parte, las recurridas esbozan que el Tribunal de Apelaciones no erró al ordenar la vista evidenciaria debido a que entendía que existía una controversia sobre el hecho material de los contactos mínimos que confieren jurisdicción *in personam* y, por tanto, había que celebrar una vista evidenciaria para adjudicar ese asunto.

En primer lugar, y como señalamos, nuestras expresiones en Molina v. Supermercado Amigo, Inc., *supra*, fueron sumamente claras en el sentido de que el foro de

---

[42] Molina v. Supermercado Amigo, Inc., *supra*, pág. 343.

instancia tiene gran discreción sobre cómo proceder cuando se plantea la defensa de falta de jurisdicción sobre la persona. En ese sentido señalamos que si el demandado decide impugnar la jurisdicción *in personam* mediante una petición de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra*, entonces el tribunal de instancia -en su discreción- puede seleccionar una de las cuatro alternativas allí esbozadas.[43]

Ahora bien, es importante aclarar que aunque <u>Molina v. Supermercado Amigo, Inc.</u>, *supra*, no excluye la necesidad de que el asunto de la jurisdicción *in personam* en casos como el de autos se atienda en una vista evidenciaria, **sí permite al foro de instancia decidir cuándo es más conveniente recibir ese tipo de prueba.** En ningún momento establecimos en <u>Molina v. Supermercado Amigo, Inc.</u>, *supra*, que cuando existe controversia real en cuanto al hecho material de los contactos mínimos específicos que confieren jurisdicción sobre una persona natural o jurídica ausente, es necesario la celebración de una vista evidenciaria para resolver **prima facie** una moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra*.

En el caso ante nuestra consideración, el tribunal de instancia utilizó su discreción y escogió la segunda alternativa que establece <u>Molina v. Supermercado Amigo, Inc.</u>, *supra*. Es decir, decidió evaluar los documentos y

---

[43] Para una exposición sobre las cuatro opciones que tiene el tribunal de instancia, refiérase al acápite C de la Parte II de esta Opinión.

declaraciones juradas presentadas por la parte demandada (las recurridas Oracle Corporation y Oracle-Caribbean) para así analizarlos junto a las alegaciones, documentos y declaraciones juradas presentadas por la parte demandante (las peticionarias T.O.L.I.C. y Victory) en su oposición. Finalmente, el tribunal de instancia concluyó que, en virtud de la totalidad de las circunstancias del caso, estaba facultado para ejercer jurisdicción *in personam* sobre Oracle Corporation. Esto significa que el foro de instancia entendió que T.O.L.I.C. y Victory demostraron de forma **prima facie** la existencia de hechos acreditativos de la jurisdicción sobre la persona de Oracle Corporation, por lo que se derrotó la moción de desestimación presentada por esta última.

Muy bien el tribunal de instancia, en su discreción, pudo haber seleccionado cualquiera de las cuatro vías que esbozamos en Molina v. Supermercado Amigo, Inc., *supra*, incluso la alternativa de señalar una vista preliminar evidenciaria. Sin embargo, escogió la opción de examinar los documentos y declaraciones juradas presentadas por ambas partes.

Ahora bien, como establecimos en Molina v. Supermercado Amigo, Inc., *supra*, una vez se declara no ha lugar, por la evidencia prima facie, la moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra*, entonces es necesario que en su momento el tribunal de instancia resuelva el asunto jurisdiccional de manera definitiva y a base de la preponderancia de la

prueba. Ese proceso puede darse una vez finalice el descubrimiento de prueba en una vista evidenciaria aparte sobre la cuestión jurisdiccional o durante la vista del caso en su fondo.

Como sabemos, es una norma firmemente establecida que de ordinario los tribunales apelativos no debemos intervenir con el ejercicio de la discreción de los foros de instancia, salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad. Lluch v. España Service Sta., 117 D.P.R. 729, 745 (1986). Luego de examinar las circunstancias particulares del presente caso, concluimos que no hubo abuso de discreción, prejuicio, error manifiesto o parcialidad en la decisión interlocutoria discrecional del foro de instancia de no celebrar una vista evidenciaria en este caso. Ahora bien, ello no es óbice para que el foro apelativo intermedio se vea impedido de revisar en los méritos el dictamen sobre la jurisdicción en la persona de Oracle Corporation.

Por lo anterior, determinamos que el Tribunal de Apelaciones erró al ordenar una vista evidenciaria bajo el supuesto de que se había trabado una controversia de hechos sobre el hecho material de los contactos mínimos que confieren jurisdicción *in personam* sobre un demandado no domiciliado, en este caso Oracle Corporation. Conforme a Molina v. Supermercado Amigo, Inc., *supra,* el foro de instancia tenía discreción para proceder de acuerdo con alguna de las cuatro alternativas mencionadas,

tal como lo hizo, y ello sin tener que considerar como un factor determinante, **en esa etapa**, la existencia o no de una controversia sobre el hecho material de los contactos mínimos que confieren jurisdicción sobre Oracle Corporation.

**B**

Atendemos entonces el primer error esbozado, esto es que el Tribunal de Apelaciones se equivocó al negarse a adjudicar la controversia relativa a si pueden establecerse o no contactos mínimos con el foro puertorriqueño a través del internet, esto debido a que esa controversia sólo la puede adjudicar esta Curia. Sobre dicho asunto, las peticionarias plantean que tanto los foros administrativos como los tribunales de Puerto Rico (a nivel municipal, superior y apelativo) pueden adjudicar controversias de naturaleza novel como la antes mencionada. Les asiste claramente la razón.

Ciertamente, el Tribunal Supremo de Puerto Rico es el intérprete final de la Constitución y las leyes en nuestro ordenamiento jurídico y, en el ejercicio de esa función, tiene la responsabilidad constitucional de pautar el Derecho que regirá en el País. No obstante, ello no releva a los tribunales de instancia y al foro apelativo intermedio de su función de adjudicar las controversias que tengan ante su consideración en espera de que esta Curia se exprese sobre la norma de derecho aplicable a una controversia particular.

Es cierto que el Tribunal de Apelaciones no sienta pautas normativas en nuestra jurisdicción. Sin embargo, y como señalamos en Domínguez Castro et al. v. E.L.A. I,[44] "a los jueces no nos puede dominar el temor a decidir"[45] –y ahora añadimos– aunque lo que decidamos nunca antes se haya resuelto. Por consiguiente, tanto los jueces apelativos como los jueces de instancia tienen la obligación de atender las controversias que se les presenten, incluso aquellas que se presenten por primera vez.

En vista de lo anterior, determinamos que el Tribunal de Apelaciones erró al negarse a resolver la controversia señalada debido a que esta Curia aún no ha pautado la normativa aplicable al asunto particular.

IV

Por las razones antes expresadas, se revoca la decisión del Tribunal de Apelaciones y se devuelve el caso a ese foro para que atienda la controversia relativa a si, prima facie, se establecieron contactos mínimos con el foro puertorriqueño a través del internet de forma tal que se pueda ejercer jurisdicción in personam sobre Oracle Corporation.

Se dictará sentencia de conformidad.

Erick V. Kolthoff Caraballo
Juez Asociado

---

[44] 178 D.P.R. 1 (2010).

[45] Íd., págs. 15-16.

Trans-Oceanic Life Insurance
Company & Victory Insurance
Company, Inc.

    Peticionarios

       v.                       CC-2007-483     Certiorari

Oracle Corporation, Oracle
Caribbean, Inc., Oracle de
Méjico, S.A.

    Recurridos

SENTENCIA

San Juan, Puerto Rico, a 24 de febrero de 2012.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se revoca la decisión del Tribunal de Apelaciones y se devuelve el caso a ese foro para que atienda la controversia relativa a si, prima facie, se establecieron contactos mínimos con el foro puertorriqueño a través del internet de forma tal que se pueda ejercer jurisdicción *in personam* sobre Oracle Corporation.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton hace constar la siguiente expresión:

"El Juez Presidente señor Hernández Denton está conforme con revocar la decisión del Tribunal de Apelaciones. No obstante, devolvería el caso al Tribunal de Primera Instancia para la continuación de los procedimientos. En esta etapa de los procedimientos, el foro de primera instancia no ha adjudicado si se establecieron contactos mínimos con nuestro foro a través del Internet o de otra forma. Una vez ese foro resuelva el asunto de jurisdicción de forma

definitiva y por preponderancia de la prueba, el Tribunal de Apelaciones podrá examinar la prueba sobre los contactos mínimos de Oracle Corporation. Por todo lo anterior, es prematuro que el Tribunal de Apelaciones adjudique un asunto sin tener la prueba necesaria y que, además, podría ser innecesario de presentarse prueba sobre los contactos mínimos de otra forma".

La Juez Asociada señora Rodríguez Rodríguez no interviene.


                        Aida Ileana Oquendo Graulau
                        Secretaria del Tribunal Supremo